**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2544
_____

WILSON PATZAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216-406-632)
Immigration Judge:  Honorable Irma Lopez Defillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2018

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: October 29, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wilson Patzan petitions pro se for review of a final order of removal. For the reasons detailed below, we will dismiss the petition in part and deny it in part.

Patzan is a citizen of Guatemala. He entered the United States in 2011. In 2017, the Government charged him with being removable as an alien present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, Patzan conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

During a hearing before an Immigration Judge (IJ), Patzan testified in support of his application. He claimed to be a member of a particular social group he defined as "Guatemalan school children who are being coerced by gangs at or near schools and are threatened with harm if they do not . . . join or comply with the mandates of the gangs." A.R. at 127. Patzan recounted three incidents in which he had been beaten by gang members in Guatemala because he refused to join the gang.

The IJ denied all relief, concluding that, even assuming that Patzan testified credibly—a point on which the IJ expressed some skepticism—he had not identified a cognizable social group. The IJ concluded that the group described by Patzan was not particularized and did not possess social distinction, which was fatal to Patzan's asylum and withholding claims. The IJ also concluded that Patzan's CAT claim failed because he had not shown that the government in Guatemala would consent or acquiesce to any torture. Patzan appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ, ruling that Patzan had waived any challenge to the denial of the CAT claim and that

2

the IJ had not erred in rejecting Patzan's proposed social group. Patzan filed a timely petition for review to this Court.

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Because the BIA "appears to have substantially relied upon" the IJ's decision, we review both opinions. Xin Jie Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review the agency's legal conclusions under a de novo standard, but must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Mendoza-Ordonez v. Att'y Gen., 869 F.3d 164, 169 (3d Cir. 2017).

In his brief, Patzan argues that his constitutional rights were violated because the lawyer that represented him during his hearing before the IJ was a criminal-law attorney who was unqualified to handle an immigration matter. While ineffective assistance of counsel in a removal proceeding may constitute a denial of due process, see Contreras v. Att'y Gen., 665 F.3d 578, 584 (3d Cir. 2012), we have jurisdiction to review only claims that have been exhausted before the BIA, see 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-21 (3d Cir. 2008). Because Patzan did not raise his ineffectiveness claim before the BIA, we lack jurisdiction to consider it. See Zheng v. Gonzales, 422 F.3d 98, 107–08 (3d Cir. 2005). Thus, we will dismiss the petition for review to the extent that it raises an ineffective-assistance-of-counsel claim.

Meanwhile, although Patzan has properly exhausted a claim that his proposed social group is cognizable, he did not raise any arguments concerning the social group in

3

his opening brief.  Ordinarily, we will consider only those issues that an appellant has presented in his brief.  See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Even if Patzan had not waived this claim, he would be entitled to no relief.  The agency properly applied the standard set forth in In re M-E-V-G-, 26 I. & N. Dec. 227 (BIA 2014), which requires the proponent of the social group to show that it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  Id. at 237; see also S.E.R.L. v. Att'y Gen., 894 F.3d 535, 540 (3d Cir. 2018) (ruling that the test propounded in M-E-V-G- is entitled to Chevron deference).

The agency did not err in applying this standard.  First, the BIA ruled that the social group lacked sufficient particularity because "there are no outer limits for that general description."  IJ Op. at 17; see also S.E.R.L., 894 F.3d at 552 (explaining that "particularity" standard requires the group to have "discrete and definable boundaries that are not amorphous, overbroad, diffuse, or subjective" (quotation marks, alteration omitted)).  That ruling is consistent with prior decisions of this Court and the BIA.  See,

4

e.g., In re A-B-, 27 I. & N. Dec. 316, 335 (U.S. Att'y Gen. 2018); Escobar v. Gonzales, 417 F.3d 363, 368 (3d Cir. 2005).

Second, Patzan has not shown that Guatemalans would perceive the members of his alleged group "as sufficiently separate or distinct" to satisfy the social-distinction requirement. S.E.R.L., 894 F.3d at 550 (quotation marks omitted). Nothing in the administrative record suggests that the group as framed by Patzan is "recognizable by society at large," In re A-B-, 27 I. & N. Dec. at 336; see generally S.E.R.L., 894 F.3d at 556 (upholding BIA's ruling that "immediate family members of Honduran women unable to leave a domestic relationship are [not] viewed as socially distinct within Honduran society"). We will therefore deny the petition for review to the extent that it challenges the BIA's rejection of his proposed social group.

Accordingly, we will dismiss the petition for review in part and deny it in part.